Nott, J.
With regard to the first, it was a matter of fact for the jury. There was evidence on both sides,-and they have found for the defendant. Indeed, the instrument itself, furnishes reasonable grounds to believe that she was under age. It describes hef tó bé above eighteen : and although that expression will admit of a construction that she might have been of any age above eighteen, yet the most reasonable conjecture is, that she was about that age, or at least under twenty-one; otherwise there would have been no necessity for mentioning her age.
But it is said, that infancy is a personal privilege, of which no other person can take advantage. But an infant may, in various ways, disavow his intention to carry into effect a contract, made during his minority. He may do it by entering upon lands which he has sold and conveyed ; or by conveying them to another, after he comes of age ; or by leaving the service of one to whom he is bound, and entering into the service of another. So that in the present case, it is the infant herself who takes the advantage ; and it is rio answer to say it is a speculation between these parties, who shall have her services: for in one case it is a voluntary service, in the other compulsory. On this ground, therefore, I am against granting a new trial.
I am the better satisfied with the verdict, from the circumstances of fraud attending the transaction. The -plaintiff purchased her from another person ; yet he does not shew that that person had *402 any right, but holds her under her own indenture, and by that indenture, she is bound to serve for fifteen years for her support only. ^ carries on its face strong badges of fraud and imposition. I dor not think it void for want of consideration. Her support is a consideration, although inadequate. Besides, the instrument is under seal; and I am not aware of any case, where a sealed instrument has been held a nudum pactum.
The motion is refused.
Brevard, Grimke, and Bay, Js., concurred.
Colcock, J.
I cannot consent to allow a man, under the pretext of affording assistance to the weak, to violate the law in a civil matter. If the defendant thought the woman injured, he should have applied to the law for redress ; his declaration, that be defended the suit for her, weighs nothing with me. I do not know that it is the case, because he says so ; he may be personally interested. The plaintiff’s having given money to another to surrender his claim, has nothing to do with this case, for her freedom is not denied ; but she is held by a contract, said to be entered into by her. Now, if there be no imposition on the part of the plaintiff,, she cannot avoid the contract; and if there was an imposition, this defendant cannot take advantage of it. It would be allowing the-defendant to violate the law, to procure justice to this woman ; as-if he could not have done so by due course of law. I am, for these reasons, in favor of the motion.
Smith, J., concurred with Colcock, J,